UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JAMES N. SPIEGEL,

    Plaintiff,

    v.      CAUSE NO. 3:23-CV-527-DRL-JPK

JOHN GALIPEAU and JASON ENGLISH,

    Defendants.

OPINION AND ORDER

James N. Spiegel, a prisoner without a lawyer, filed a complaint, alleging that the food he is served at Westville Correctional Facility is not kept at a proper temperature between when it is prepared in the kitchen and when it is served to him in his unit, hours later. ECF 1. He says this has caused food poisoning. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotations and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Here, however, the information in Mr. Spiegel's complaint establishes that he filed suit without first exhausting his administrative remedies within the prison. It is frivolous

to file suit before administrative remedies have been exhausted, so this case must be dismissed.

In the complaint, which Mr. Spiegel signed under penalty of perjury, he stated that he did not use the prison grievance system to complain about this because "this event is not grievable at this prison[.]" ECF 1 at 4. His belief that he cannot grieve food preparation issues is not supported by the provisions in the Indiana Department of Correction's grievance policy. *See* Ind. Dep't of Corr. Policy & Admin. Proc., *Offender Grievance Process*, No. 00-02-301 (eff. Sept. 1, 2020), available at https://www.in.gov/idoc/files/00-02-301-Offender-Grievance-Process-9-1-2020.pdfOffender-Grievance-Process. That policy lays out what can be grieved:

> A. Matters Appropriate to the Offender Grievance Process:
>
> Examples of issues which an offender may initiate the grievance process include, but are not limited to:
>
> 1. The substance and requirements of policies, procedures, and rules of the Department or facility (including, but not limited to, correspondence, staff treatment, medical or mental health, some visitation, and **food service**);
>
> 2. The manner in which staff members interpret and apply the policies, procedures, and/or rules of the Department or of the facility.
>
> 3. Actions of individual staff, contractors, or volunteers;
>
> 4. Acts of reprisal for using the Offender Grievance Process;
>
> 5. Any other concerns relating to conditions of care or supervision within the Department, or its contractors, except as noted in this policy and administrative procedure; and,
>
> 6. Prison Rape Elimination Act (PREA).

*Id.* at p. 3 (emphasis added). Thus, the policy explicitly includes the "substance and requirements of policies, procedures, and rules . . . including . . . food service." *Id.* The

Offender Grievance Process separately lists matters inappropriate for the grievance process:

> Examples of non-grievable issues, but not limited to:
>
> 1. Federal, State, and local law;
>
> 2. Court actions and decisions, including pre-sentence investigation reports, pending charges, and jail time credit;
>
> 3. Indiana Parole Board Actions or Decisions;
>
> 4. Parole Agent recommendations to the Indiana Parole Board;
>
> 5. Classification actions or decisions, which include loss of a job, change in security level, facility transfers, and bed moves (a separate classification appeals process is in place for this purpose);
>
> 6. Disciplinary actions or decisions (a separate disciplinary appeal process is in place for this purpose);
>
> 7. Contents of grievance or appeal responses from the Warden / designee or the Department Offender Grievance Manager;
>
> 8. Complaints on behalf of other offenders, class action complaints, or third party individuals;
>
> 9. The denial of a sex offender's visits with minors based upon the results of the Department's case review (Review of this type of visiting restriction is found in Policy and Administrative Procedure 02-01-102, "Offender Visitation");
>
> 10. Any matter over which the Department has no control, such as the actions of persons outside the Department who are not operating under contract with the Department;
>
> 11. Decisions by Wardens to designate an offender as an abuser of the offender grievance process and, thereby, restrict the offender's access to the offender grievance process;
>
> 12. Tort Claims seeking monetary compensation; and,
>
> 13. Staff discipline, staff assignment, staff duties, and/or staff training.

*Id.* at p. 4. None of those exceptions would apply to a complaint about the food preparation practices at Westville.

In the Prison Litigation Reform Act, Congress mandated that prisoners are prohibited from bringing an action in federal court with respect to prison conditions

3

"until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion is designed to provide the prison with notice of a problem and give them an opportunity to fix it. *Maddox v. Love*, 655 F.3d 709, 722 (7th Cir. 2011).

Mr. Spiegel states that "[a]nytime anyone puts a grievance about anything about it, it's pushed aside." ECF 1 at 3. But exhaustion is required even if the prisoner believes the grievance process will not work for him. "[T]here is no futility exception to the PLRA's exhaustion requirement." *Massey v. Helman*, 196 F.3d 727, 733 (7th Cir. 1999); *see also Dole v. Chandler*, 438 F.3d 804, 808-809 (7th Cir. 2006) (holding that exhaustion is necessary even "if the prisoner believes that exhaustion is futile. The sole objective of § 1997e(a) is to permit the prison's administrative process to run its course before litigation begins." (citations and quotations omitted)). Mr. Spiegel's belief that this issue cannot be grieved or would not accomplish anything does not excuse his decision not to file a grievance.

The law takes a "strict compliance approach to exhaustion." *Dole*, 438 F.3d at 809. "To exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). "By its plain terms, the PLRA requires prisoners to exhaust administrative remedies *before* filing suit; a sue first, exhaust later approach is not acceptable." *Chambers v. Sood*, 956 F.3d 979, 984 (7th Cir. 2020) (quotations omitted). "[A] suit filed by a prisoner before administrative remedies have been exhausted *must* be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the

4

prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999).

"Failure to exhaust is an affirmative defense that a defendant has the burden of proving." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015). Nevertheless, "a plaintiff can plead himself out of court. If he alleges facts that show he isn't entitled to a judgment, he's out of luck." *Early v. Bankers Life and Cas. Co.*, 959 F.2d 75, 79 (7th Cir. 1992) (citations omitted). The complaint here shows that Mr. Spiegel did not exhaust his administrative remedies before he filed suit, and therefore this case must be dismissed. *See Schillinger v. Kiley*, No. 21-2535, 2022 WL 4075590, 1 (7th Cir. Sept. 6, 2022) (unpublished) ("Although failure to exhaust is an affirmative defense, a district court may dismiss a complaint at screening if the complaint, and any documents subject to judicial notice, establish the defense so plainly as to make the suit frivolous.").

For these reasons, this case is DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. § 1915A(b)(1) because it is frivolous to sue before exhausting administrative remedies.

SO ORDERED.

January 24, 2024					*s/ Damon R. Leichty*
						Judge, United States District Court